278 So.2d 307 (1973)
Armando HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 72-212.
District Court of Appeal of Florida, Second District.
May 11, 1973.
Rehearing Denied June 19, 1973.
*308 Henry Gonzalez, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant directly appeals his convictions for robbery, assault with intent to commit second degree murder and the offense of displaying or using a firearm while committing a felony. He received three consecutive terms of imprisonment of 20 years, 10 years, and 1 year respectively.
The evidence sufficiently establishes that appellant, and others, intended a "rip off" of the $15,000 purchase money offered by a Florida Bureau of Law Enforcement undercover agent to purchase illegal drugs. That is to say, rather than deliver the drugs the co-conspirators planned merely to rob the agent. This was in fact accomplished and, indeed, violently so by the use of guns. The evidence is more than sufficient to establish this and thus supports the conviction for robbery. No prejudicial error being made to appear otherwise,[1] the judgment and sentence for robbery must be affirmed.
Concerning the conviction for assault with intent to commit second degree murder, however, it is apparent that all the evidence concerning such assault related to the elements of fear and force embraced within the aforesaid robbery. The robbery, of course, would in turn have been an essential element of felony murder had a homicide occurred in the perpetration thereof. Therefore, any injection of murder or of assault to commit murder in this case is included within the felony murder concept noted above and thus is within the configuration of the robbery. Stated otherwise, the assault spoken of herein is the assault essential to the robbery herein, and, becoming a part of the "same offense," it merged in the robbery upon a valid finding thereof by the jury. The judgment and sentence entered for assault with intent to commit second degree murder were impermissibly incongruous, therefore, and must be reversed with directions that they be set aside and that defendant be discharged therefrom.
We come now to the third conviction herein, i.e., of displaying or using a firearm while committing a felony. The felony upon which this conviction is predicated is, again, the robbery involved herein. That is to say, the robbery was committed by use of the firearm contemplated by the charge. Accordingly, the use of the firearm becomes a facet or phase of the one transaction, to-wit: the robbery. This being so, and while a conviction might otherwise be proper, only one sentence may be *309 imposed.[2] Accordingly, as to the conviction of felon in possession of a firearm while committing a felony, the cause is remanded with directions that the sentence therefor be vacated and set aside.
Affirmed in part, reversed in part.
LILES, A.C.J., and HOBSON, J., concur.
NOTES
[1] Cf., Harrington v. California (1969), 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, and Chapman v. State of California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
[2] See Cone v. State, Supreme Court, opinion filed March 7, 1973, Case No. 42,760; Davis v. State, Second District Court, 277 So.2d 300, (1973); and Easton v. State (Fla.App. 1971), 250 So.2d 294.