323 So.2d 62 (1975)
Chris ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. X-452.
District Court of Appeal of Florida, First District.
September 23, 1975.
On Rehearing December 2, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was convicted on all counts of a three count information. Count I charged robbery; Count II charged use of a firearm during the commission of a felony; and Count III charged aggravated assault. Appellant contends and the evidence shows that all three charges were part of the same transaction or crime involving the robbery of Kathleen Copeland; and, thus, the sentences for the lesser of the three offenses cannot stand. The State agrees. See Cone v. State, Fla., 285 So.2d 12 (1973).
Appellant also contends that the trial court erred in denying his motion to dismiss Count II in that it charged use of a firearm during the commission of a felony without alleging the felony that appellant was allegedly perpetrating; that each count of an information must be complete within itself. Appellant moved initially to dismiss Count II (mistakenly referred to as Count III, though the body of the motion makes it clear that he was referring to Count II). If this were a single count information charging use of a firearm during the commission of a felony, there would be merit to appellant's contention but as part of the three count information, *63 it is clear that the felony was the robbery charged in Count I or the lesser included offense of the robbery which was charged separately in Count III. If appellant had any doubt of this, he could have requested a statement of particulars, which he did not do.
The cause is remanded with directions that the sentences below to 15 years imprisonment for use of a firearm during the commission of a felony and five years imprisonment for aggravated assault be vacated.
RAWLS, Acting C.J., and McCORD and SMITH, JJ., concur.

ON PETITION FOR REHEARING GRANTED
In our opinion released on September 23, 1975, in this cause we remanded with directions that the sentences to 15 years imprisonment for use of a firearm during the commission of a felony (Count II) and five years imprisonment for aggravated assault (Count III) be vacated because such offenses, together with appellant's conviction of robbery (Count I), were all part of the same transaction or crime involving the robbery of Kathleen Copeland. We noted that the state agreed with the contention of the appellant in that regard. Now on petition for rehearing the state has called our attention to its error which was compounded by our acceptance thereof. Appellant was convicted of Count I which charged him with the robbery of one Kathleen Copeland. Count III of which appellant was convicted charged appellant with aggravated assault upon a different person  Quinn Waldron. While both offenses were committed in the course of a robbery of an S & S Food Store in White Springs, Florida, they were each separate and distinct crimes perpetrated on two different persons. The charge against appellant for use of a firearm during the commission of a felony, however, was a part of the same transaction or crime involving both the robbery and the aggravated assault.
Our foregoing opinion is modified to such extent and the cause is remanded with directions only that the sentence below to 15 years imprisonment for use of a firearm during the commission of a felony be vacated.
RAWLS, Acting C.J., and McCORD, J., concur.
SMITH, J., dissents.
SMITH, Judge (dissenting):
On further reflection and rehearing, I consider that count two, charging in the generic terms of § 790.07(2), F.S., 1973, that Robinson and others, on June 12, 1974, in Hamilton County, "did then and there unlawfully while committing a felony use a certain firearm, to-wit: a pistol," is insufficient to inform the defendant of the nature and cause of the accusation against him and should have been dismissed on Robinson's motion. The fatal vagueness of the charge in this case is demonstrated by the existence of an identical charge, in another case against Robinson disposed of today, of the same or a similar offense committed on the same day in adjoining Suwannee County. Except for the difference in venue, the generality of the charging language would permit the prosecutor to charge appellant for one claimed offense and to convict him for another. Because the charging language did not descend to the particulars of the offense for which conviction was sought, the information did not protect Robinson from exposure to double jeopardy. In my view count two of the information was insufficiently vague, and it could not have been saved by a bill of particulars. Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143 (1945); State v. Hazellief, 148 So.2d 28 (Fla.App.2nd, 1962); Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Van Liew v. United States, 321 F.2d 664 (5th Cir., 1963).