323 So.2d 278 (1975)
Amos John SLOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-287.
District Court of Appeal of Florida, Second District.
December 10, 1975.
John C. Lenderman, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The defendant, Amos John Sloan, was convicted of robbery and two counts of aggravated assault. He was sentenced to life imprisonment on the conviction of robbery and to five years imprisonment on each of the aggravated assault charges, with all sentences to run consecutively.
We have examined the record and briefs and find the only question on appeal which merits discussion is whether the trial court erred in sentencing the defendant on the convictions of aggravated assault in addition to the sentence for the crime of robbery.
The victim of the robbery was one Guinevere Bulatowicz. She was assaulted by the defendant with a baseball bat during the commission of the robbery. This assault being the force involved in the robbery merged into and became part of the offense of robbery. Hernandez v. State, Fla.App.2d 1973, 278 So.2d 307. Not so as to the assault upon Richard Mitchell who was at the scene of the robbery and was also assaulted by the defendant with the baseball bat. This assault having been perpetrated against a different victim obviously did not merge into the robbery, nor was it part of the same transaction as the robbery merely because the two crimes were committed contemporaneously. Ellis v. State, Fla.App.2d 1974, 298 So.2d 527; Harris v. State, Fla.App.2d 1973, 286 So.2d 32.
*279 Accordingly, the judgment and sentence of the defendant for robbery are affirmed. The judgment and sentence for aggravated assault upon Guinevere Bulatowicz are vacated; and the judgment and sentence for aggravated assault on Robert Mitchell are affirmed.
McNULTY, C.J., concurs.
BOARDMAN, J., dissents in part with opinion.
BOARDMAN, Judge (dissenting in part).
For the reasons stated herein, I respectfully dissent from that part of the majority opinion pertaining to the disposition of the aggravated assault committed upon Guinevere Bulatowicz holding that said offense merges into the robbery under the rationale of Hernandez v. State, Fla.App. 2d, 1973, 278 So.2d 307; for, as I read the record, the aggravated assault was a separate and distinct crime from that of the robbery.
Admittedly, a close question is presented; but I find that there was competent substantial evidence in the record disclosing that the aggravated assault occurred after the money had been taken. Further, a co-participant in the crime testified that the appellant remained behind for approximately five minutes with the baseball bat in his possession while the others waited for him outside the store in the getaway car. The testimony further shows that both victims and a dog were severely beaten. Upon consideration of all of these facts, I reach the unalterable conclusion that the assault was a separate and distinct crime from the robbery.
In all other aspects I agree with the majority opinion, but would affirm the sentence of aggravated assault upon Guinevere Bulatowicz.