PER CURIAM.
The appellant was found guilty by a jury of: (1) assault with intent to commit murder in the first degree, and (2) shooting into an occupied dwelling. He received a sentence of five years in the state prison on the first charge and a sentence of five years probation on the second charge, the sentences to run consecutively.
Six points have been raised on this appeal. Each will be discussed briefly in the order presented. The first point urges error upon the denial of defendant’s motion to dismiss the information on the ground that the information does not state sufficient facts. See Hamilton v. State, 129 Fla. 219, 176 So. 89, 112 A.L.R. 1013 (1937). We hold that the trial judge properly considered the Statement of Particulars at the time the motion was presented. See State v. Davis, Fla.1971, 243 So.2d 587. There was no error in denying the motion to dismiss the information. See State v. Moss, Fla.App.1968, 206 So.2d 692.
The second point questions the sufficiency of the evidence to support the verdict. This point is argued with the third point, which urges that the cumulative effect of all the evidence raises a doubt as to che defendant’s mental competency botn at the time of the offenses and the time of trial. Neither of these points presents reversible error. See Martin v. State, Fla. App.1975, 323 So.2d 666. It should be noted that these points were not presented in the trial court. See State v. Barber, Fla. 1974, 301 So.2d 7.
Appellant’s fourth point challenges the propriety of the charge to the jury. In view of defendant’s failure to object to the charge, either in full or in any particular, the point does not present reversible error. See FAR 6.7(g).
The fifth point claims that the defendant did not receive a fair trial because of the vigorous cross-examination he sus *841 tained when he took the stand. Our reading of the record shows a single objection to cross-examination and convinces us that the cross-examination was proper. See Cross v. State, 96 Fla. 768, 119 So. 380 (1928).
The sixth point urges that the facts proved only one criminal act (i.e., the shooting) and, therefore, that the defendant may not be convicted of two separate offenses because of the single criminal act. We agree and reverse upon the authority of Cone v. State, Fla.1973, 285 So.2d 12; and Yost v. State, Fla.App.1971, 243 So.2d 469. Accordingly, we reverse the judgment and sentence as to the charge of shooting into an occupied dwelling in violation of Fla.Stat. § 790.19.
The judgment and sentence on count one is affirmed.
Affirmed in part and reversed in part.