RAWLS, Acting Chief Judge.
Appellant, Homer Adkins, seeks reversal of his concurrent sentences of one year upon three counts of assault and battery on the ground that such sentences are cumulative and in violation of the single transaction rule. An accused, upon conviction, may be sentenced for each such offense, when violence was offered to three persons, regardless of whether such criminal conduct may be said to have occurred within a single criminal episode. Rodgers v. State, 325 So.2d 48 (Fla.App.2 1975), and Robinson v. State, 323 So.2d 62 (Fla. App.l 1975).
Appellant Adkins also contends that the trial court was not authorized under Florida Statute 948.01(4) to place the appellant on probation for a period of two years after serving three months in the Duval County Jail, in that the probationary period exceeded the concurrent one year sentences imposed. A myriad of cases in the four appellate districts of this state have treated this question with varying results. However, as we read the recent Supreme Court decision in State v. Jones, 327 So.2d 18, opinion filed January 14, *810 1976, the sentence imposed is lawful, and Adkins’ contention is without merit. Also see Scott v. State, Supreme Court, 326 So. 2d 165, opinion filed January 15, 1976 (no Petition for Rehearing filed).
AFFIRMED.
MILLS and SMITH, JJ., concur.