332 So.2d 157 (1976)
Charles Edward BOOTH, Appellant,
v.
STATE of Florida, Appellee.
No. Z-74.
District Court of Appeal of Florida, First District.
May 24, 1976.
*158 Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SMITH, Judge.
There was no error in Booth's conviction on two counts of robbery and two counts of assault with intent to commit murder in the second degree. The issue is whether separate sentences were erroneously imposed for offenses which were "different aspects of a single criminal transaction." Simmons v. State, 151 Fla. 778, 785, 10 So.2d 436, 439 (1942); Williams v. State, 69 So.2d 766 (Fla. 1954); Cone v. State, 285 So.2d 12 (Fla. 1973).
Booth viciously robbed and assaulted the manager of a convenience store and then made a similar furious attack on a patron in the parking lot. He was sentenced to a term of imprisonment for fifteen years for assault on the manager, a consecutive term of fifteen years for assault on the patron, a consecutive life sentence for robbery of the manager and another life sentence, to run concurrently with the first, for robbery of the patron.
The circuit judge's sentencing pattern is entirely in accord with Simmons. The attacks on the manager and on the patron were separately punishable; Booth's counsel does not contend otherwise. Robinson v. State, 323 So.2d 630 (Fla.App.1st, 1975). We hold further that Booth's assault on the store manager was not simply an aspect of the same transaction in which Booth robbed her, and that Booth's assault to kill the patron was not merely an aspect of robbery of the patron.
There was a temporal distinction in the offenses involving the manager. After completing the robbery for money inside the store, Booth dragged the manager from the place threatening to kill her with his knife. In the parking lot he threw her into the path of the patron's oncoming car before launching his criminal assault on the patron. Booth is separately punishable for assault on the manager with intent to commit murder in the second degree because his assault continued and intensified after the robbery motive was satisfied, and because his object then was not her money but, evidently, her life. Compare Meeks v. State, 289 So.2d 479 (Fla.App.3d, 1974); Tarpley v. State, 258 So.2d 301 (Fla.App.3d, 1972); Wade v. Wainwright, 266 So.2d 378 (Fla.App. 4th, 1972).
Booth attacked the patron with mingled and seemingly contradictory efforts *159 to kill him and to require him to surrender his wallet. While the patron fought desperately for an opportunity to give up his money, Booth alternately cursed him and demanded his wallet, forcing his blade to the victim's throat in relentless grappling that made compliance with his demand impossible. He broke off the onslaught when the patron finally was able to produce his money clip. That fact unquestionably attenuates the identification of more than one "transaction." But clearly Booth's offenses have not the same necessary factual relationship with each other as, say, those of assault with intent to rape a girl and a simultaneous attempt to have unlawful intercourse with her. Simmons, supra. Neither of Booth's offenses was a part of the other in the sense that the offense of displaying a firearm in the course of a robbery may be said to be, on the facts, an aspect of a robbery. Cone, supra. While on certain evidence it may be said that "the robbery was committed by use of the firearm contemplated by the charge" and accordingly that "the use of the firearm becomes a facet or phase of the one transaction, to-wit: the robbery," Hernandez v. State, 278 So.2d 307, 308 (Fla.App.2d, 1973), Booth's attempt to kill the patron was independent of and qualitatively other than an effort to force the surrender of his money. Booth's frenzied attempt to kill was not "essential to the robbery"; it cannot be said that "all the evidence concerning such assault related to the elements of force and fear embraced within the aforesaid robbery." Hernandez, supra, 278 So.2d at 308. The Supreme Court found two separately punishable offenses in an accused's simultaneous possession of two controlled substances. Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975). That principle is sufficient to deal with the single violent manifestation of Booth's twofold intention.
AFFIRMED.
BOYER, C.J., and MILLS, J., concur.