RAWLS, Judge.
Appellant-defendant Hardwick poses two points on appeal:
Did the trial court commit fundamental error by adjudicating appellant guilty of first degree murder and sentencing him to life imprisonment within the meaning of Section 775.082(1), F.S., where appellant was charged and found guilty of second degree murder within the meaning of Section 782.04(2), F.S.
Did the trial court commit fundamental error when it adjudicated appellant guilty of robbery and imposed a sentence for that crime where the robbery arose out of the same episode as the felony murder and therefore merged with the latter crime.
As to the first point, the Grand Jury of Taylor County returned an indictment charging appellant in Count I with murdering one Lloyd Walker while engaged in the perpetration of a crime, to wit: robbery, citing Florida Statute 782.04. A jury verdict was returned finding appellant guilty of the crime of murder in the first degree as charged in Count I of the indictment. Appellant’s Point I which assumed that appellant was charged and found guilty of murder in the second degree is without factual record basis. Appellant points out that Florida Statute 782.04[1] is divided into three subsections; *308 the third subsection not having any applicability in this case. Subsection (1) dictates that murder in the first degree may be charged, inter alia, when the unlawful killing of a human being is committed by a person engaged in the perpetration of a robbery. Subsection (2) of the statute defines second degree murder, in part, as: “ . . . when committed in the perpetration of, or in the attempt to perpetrate . . . robbery . . . shall be murder in the second degree . ...” Appellant then reasons that the line separating first degree felony murder and second degree felony murder is extremely unclear, which requires the application of the doctrine annunciated in Gibbs v. Mayo, 81 So.2d 739, 740 (Fla.1955), wherein the Supreme Court held: “The accused must be ‘plainly and unmistakably’ within a criminal statute, and all doubts are resolved in his favor.” Appellant then reaches the conclusion that pursuant to Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475 (1921), the omission of a subsection in the indictment cannot be cured, and thus appellant could only have been convicted of second degree murder. The majority opinion in State v. Dixon, 283 So.2d 1 (Fla.1973), settles the matter. There, the Supreme Court expressly distinguished the two subsections and concluded that same were not illusory. Appellant was with specificity indicted for committing the crime of murder while perpetrating the crime of robbery; the indictment was sufficient to charge appellant with the crime of murder in the first degree.
Recent appellate decisions render appellant’s second point on appeal to be without merit. Count I of the indictment charged appellant with murdering Lloyd Walker. Count II charged him with committing the crime of robbery against Dianne Allen. The indictment and proof reveal that appellant committed separate and distinct crimes. Adkins v. State, 330 So.2d 809 (Fla.App.1st 1976); Rodgers v. State, 325 So.2d 48 (Fla.App.2nd 1975); and Robinson v. State, 323 So.2d 62 (Fla.App. 1st 1975).
AFFIRMED.
BOYER, C. J., and McCORD, J., concur.

. Florida Statute 782.04 (1973) states:

“782.04 Murder.—

“(l)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, *308 any arson, rape, robbery, burglary, kidnapping, aircraft piracy, or the unlawful throwing, placing, or discharging of a destructive device or bomb, or which resulted from the unlawful distribution of heroin by a person over the age of seventeen years when such drug is proven to be the proximate cause of the death of the user, shall be murder in the first degree and shall constitute a capital felony, punishable as provided in § 775.082.

“(2) When perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, or when committed in the perpetration of, or in the attempt to perpetrate, any arson, rape, robbery, burglary except as provided in subsection (1), it shall be murder in the second degree and shall constitute a felony of the first degree, punishable by imprisonment in the state prison for life or for such term of years as may be determined by the court.”