BOYER, Chief Judge.
Appellant, charged by information with two counts of robbery and .two counts of aggravated assault, was tried by a jury and found guilty as charged. He received sentences of 20 years imprisonment on each robbery count and 10 years imprisonment on each aggravated assault count, all sentences to be served concurrently. His sole argument on appeal is that the sentences imposed on the aggravated assault charges should be vacated as violative of the “single transaction rule”.
On April 29, 1975, Mark Scalf and Mark Bourne, a pair of vacationing senior high school students, were hitchhiking at approximately 11:00 p. m. Appellant obligingly stopped his automobile and picked up the two youths, but shortly thereafter again stopped the car and, pointing a hunting knife at Scalf’s throat, demanded that Scalf and Bourne give him all their money. The two complied forthwith and were soon allowed to exit the automobile. At trial, both Scalf and Bourne identified appellant as the robber. Scalf was also asked by defense counsel whether defendant made any threatening statements other than when he had the knife in his hand. Scalf replied, “no sir.”
Under the facts as revealed by the record, we are compelled to agree with appellant’s assertion that the robberies and the aggravated assaults occurred as part of the same criminal transaction.
We have reached a different conclusion in dissimilar factual contexts. For instance, in Robinson v. State, Fla.App. 1st 1975, 323 So.2d 62, a five year sentence for aggravated assault was vacated initially, but was reinstated on rehearing when it was called to our attention that the defendant in that case was charged in one count with robbery *1332 of one person, but was charged in a different count with aggravated assault upon a second person. In a more factually analogous case, Booth v. State, Fla.App. 1st 1976, 332 So.2d 157, the defendant was convicted of two counts of robbery and two counts of assault with intent to commit murder in the second degree. In that case, two victims were involved. As to the first victim, a store manager, we held that there was a temporal distinction between the robbery and the assault. As to the second victim, a store patron, we said, quoting language from Hernandez v. State, Fla.App. 2d 1973, 278 So.2d 307, “ * * * Booth’s attempt to kill the patron was independent of and qualitatively other than an effort to force the surrender of his money. Booth’s frenzied attempt to kill was not ‘essential to the robbery’; it cannot be said that ‘all the evidence concerning such assault related to the elements of force and fear embraced within the aforesaid robbery’.” (Booth v. State, supra at 159)
The case sub judice is distinguishable from Booth v. State, supra. We have found no temporal distinction between the robbery and the aggravated assault: Nor is there in the record any evidence that appellant employed any threats of violence other than that which was necessary to accomplish the robbery. Accordingly, we affirm the judgment as to the convictions for robbery and aggravated assault, but vacate the sentences for aggravated assault.
Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.
RAWLS and McCORD, JJ., concur.