McCORD, Chief Judge.
This is an appeal from a judgment adjudicating appellant guilty of robbery and sentence therefor (imposed on January 10, 1977), to a term of five years imprisonment to run concurrently with two consecutive sentences imposed upon appellant on December 3, 1975. Appeals involving this same incident were previously before this Court in two consolidated cases — State v. Douglas (and Collins), Case No. AA-247 and Douglas (and Collins) v. State, Case Nos. AA-354 and AA-355, 337 So.2d 407 (Fla. 1 DCA 1976).
Appellant and co-defendant Collins were charged in a three-count information with robbery of Neil Sieracki in Count I, assault with intent to commit first-degree murder of Neil Sieracki in Count II and assault with intent to commit first-degree murder of Darrell Thompson in Count III. Our previous opinion summarizes the facts, and we will not repeat them here. The trial court dismissed Count I. The jury found, appellant and the codefendant guilty of assault with intent to commit murder in the second degree under Count II and aggravated battery under Count III. By our previous opinion we affirmed the convictions under Counts II and III but reversed the trial court’s dismissal of Count I. Upon remand, appellant, as a result of plea bargaining, pled guilty to the robbery (Count I), was adjudged guilty and sentenced to five years imprisonment to run concurrently with the sentences he had received previously on Counts II and III. Appellant’s counsel has filed a brief in this appeal from his robbery conviction pursuant to the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he is unable to assign or assert any arguable point of reversible error. No assignments of error were filed. Appellant was accorded the right to and has filed a pro se brief in which he contends that the trial court erred in giving him three separate sentences in that the offenses were facets of the same transaction. This question was not raised as to Counts II and III on appellant’s previous appeal, and thus it cannot now be raised in this subsequent appeal from appellant’s conviction on Count I of the information. In spite of this, however, we will comment that the sentences under Counts II and III of the information do not violate the single transaction rule because each was a crime against a different person. Robinson v. State, 323 So.2d 62 (Fla. 1 DCA 1975), and Booth v. State, 332 So.2d 157 (Fla. 1 DCA 1976).
We turn now to the present appeal in which appellant in proper person contends that his sentence under the robbery conviction violates the single transaction rule in that such offense was a part and parcel of the criminal episodes under Counts II and III. Although no assignment of error covering this point was filed by appellant’s attorney under Anders v. California, supra, the United States Supreme Court directed in Anders that when a so-called “Anders brief” is filed by an indigent appellant’s attorney, the appellant shall be allowed to raise any points that he chooses.
It is apparent from the record that the robbery of Sieracki under the charge in Count I was a part and parcel of the assault upon Sieracki in Count II. Under the facts of this case, as related in our opinion in the previous appeal of this case, the two offenses were one single criminal transaction inflicted upon Sieracki. Thus, it was error to sentence appellant for both offenses. Compare Pate v. State, 338 So.2d 1331 (Fla. 1 DCA 1976). Ordinarily, the sentence should be upon the higher of the two offenses, but here at the time of the sentence of appellant on Count II (assault with intent to commit second degree murder) the trial court had dismissed the robbery count. He was sentenced on Count II to 20 years. Upon our reversal of the dismissal of Count I (robbery), the trial court then gave appellant a five-year concurrent *696 sentence on it. Because of this circumstance, the sentence for robbery should be vacated, it being the lesser of the two sentences.
Reversed and remanded with directions to vacate the robbery sentence.
RAWLS and SMITH, JJ., concur.