356 So.2d 1294 (1978)
Chester KIMBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1511.
District Court of Appeal of Florida, Fourth District.
March 28, 1978.
Richard L. Jorandby, Public Defender, Larry S. Weaver, Asst. Public Defender, and Joseph R. Atterbury, Asst. Public Defender, West Palm Beach, for appellant.
*1295 Robert L. Shevin, Atty. Gen., Tallahassee, Anthony J. Golden, and Charles A. Stampelos, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The appellant was charged in Count I with attempted first degree murder with a firearm under Fla. Stat. 777.04(1), 777.04(4)(a) and 782.04(1)(a). He was convicted of attempted murder in the second degree and assigns as error, the trial court's refusal to also instruct the jury on the offenses of aggravated assault, assault, aggravated battery, battery and culpable negligence, which he contends were lesser included offenses of attempted murder. We agree in part and reverse.
In Brown v. State, 206 So.2d 377 (Fla. 1968), category four of the listed lesser included offenses includes those which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. (Court's emphasis at 381). The trial court must therefore first examine the information to determine whether it alleges all of the elements of a lesser included offense. Doing that here, we find that the statutory definitions of aggravated assault, § 784.021, and simple assault, § 784.011, can be found in Count I. Count I alleges that the defendant attempted to unlawfully kill a human being and did shoot him with a firearm. This shooting surely constitutes a threat to do violence to another with the apparent ability to do so by an act which would create a well founded fear in the victim of imminent violence. Continuing with the Brown analysis, it next must be determined whether the evidence supports the allegation of the lesser included offense. The appellee argues that because (as shown by the transcript) the victim never saw the gun before he was shot, he was not placed in fear of imminent violence. This ignores the fact that five other shots were fired at the victim. We believe that the fear the victim was certainly placed in, between the first shot which hit him and the subsequent four or five shots, satisfies the statutory requirement of well founded fear.
Referring once more to the Brown analysis, simple battery, and aggravated battery, jury charges were also erroneously omitted. Again examining Count I, the charge of attempted murder by shooting, includes either § 784.03(1)(a) or § 784.03(1)(b) and § 784.045. The victim was struck by the bullet which caused him bodily harm. Once again, going to the transcript, overwhelming evidence establishes the actual and intentional striking by a bullet sufficient to satisfy § 784.03 and § 784.045.
We do, however, agree with the trial court's refusal to give the culpable negligence charge. In light of the Florida Standard Jury Instruction 2.06 Criminal Cases, and Fla. Stat. § 784.05, the intentional shooting of a pistol at another person does not seem compatible with the definition of culpable negligence which denotes actions of a gross and flagrant nature without actual intent to cause death or great bodily injury.
It is our conclusion that the refusal of the trial court to instruct the jury on all the other four lesser included offenses requested, constituted prejudicial error. To omit such instructions, in effect, removes important evidentiary matter from the proper province of the jury. Lomax v. State, 345 So.2d 719 (Fla. 1977).
There is a second unusual facet of this case. Notwithstanding the error in failing to instruct on aggravated battery in Count I, the appellant had been separately charged by a second count with an aggravated battery. He was found guilty of this charge also, although only sentenced under the attempted murder finding of guilt under Count I.
At first blush it might appear that since the defendant did, in fact, by way of Count II, have the jury instructed on aggravated battery, that he cannot complain that these instructions were omitted in the initial count. However, such reasoning ignores the fact that he was convicted of both, which we perceive to be erroneous and we also agree with the appellant's second contention *1296 that the trial court erred in instructing the jury that appellant could be found guilty of both Count I and II.
Examining aggravated battery, in relation to attempted murder, under the light of Brown, supra, category four, we have already decided above that the aggravated battery was a lesser included offense. Cases have held in a situation like this, where we have a lesser included offense, that the two crimes merge together, although we have no citation to one specifically involving attempted murder and aggravated battery. For example, in Hernandez v. State, 278 So.2d 307 (Fla.2d DCA 1973), the judgment and sentence for assault and commission of a felony with a firearm, were vacated and set aside where the defendant was also convicted of robbery. Similarly, it was held in Taylor v. State, 330 So.2d 44 (Fla. 1st DCA 1976), that the trial court erred in adjudicating defendant guilty of two lesser included offenses of grand larceny which were part of higher robbery offenses for which defendant was also convicted. See also Sloan v. State, 323 So.2d 278 (Fla.2d DCA 1975) (assault merged into robbery).
In Heisterman v. State, 327 So.2d 839 (Fla.3d DCA 1976), the defendant committed only one criminal act in shooting into the occupied dwelling and the court, holding that only the assault with intent to commit murder would be upheld, reversed the conviction for shooting into the dwelling. In Yost v. State, 243 So.2d 469 (Fla.3d DCA 1971), the court states:
"In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged." Id. at 471.
See also Fla. Stat. § 775.021.
Here appellant was only sentenced under Count I, thus complying with the Yost line of cases. However, the Hernandez, Taylor, Sloan, and Heisterman cases, with which we agree, indicate that the judgment of guilt on the aggravated battery in Count II is erroneous because the aggravated battery was a lesser included offense of attempted murder. Accordingly, it is herewith vacated and set aside.
REVERSED AS TO BOTH COUNTS AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE HEREWITH.
ANSTEAD, J., and TIMOTHY P. POULTON, Associate Judge, concur.