374 So.2d 1065 (1979)
Stanford Legray KNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2229.
District Court of Appeal of Florida, Third District.
August 14, 1979.
Rehearing Denied September 17, 1979.
*1066 Philip Carlton, Jr., Miami, and Thomas A. Wills, Coral Gables, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The appellant Knight was charged in Count I of the information against him with the attempted first degree murder of James Jones on November 19, 1977; the count stated that "in such attempt he did shoot at ... Jones with a firearm." Count II of the information charged Knight with an aggravated battery on Jones on the same date by "shooting [him] with a . . firearm." After a trial which revealed that Knight and an accomplice had fired 15-20 shots at Jones but hit him with only five, and in which Knight claimed self-defense, the jury found him guilty on both counts of the information. The trial judge similarly adjudicated him guilty of both counts and imposed concurrent sentences of 20 years in the state prison, subject to a single three-year minimum mandatory period, provided by Section 775.087(2), Florida Statutes (1977) because a firearm was involved. Knight appeals from the judgments and sentences. We reverse for a new trial on both counts.
Reversal is required because of the plain, and necessarily prejudicial, reference made below to the defendant's invocation of his Fifth Amendment right to silence. During the course of the prosecutor's direct examination of the officer who arrested him for the charges involved in this case, the following occurred:
Q After you arrested him, do you recall whether or not you read him his rights?
A I did.
Q Did he appear to understand those rights?
A Yes, he did.
Q Did he speak to you after the reading of those rights?
A He did.
Q Did he make any comments about the shooting that he was charged with that happened on November 19, 1977?
A He didn't.
MR. ANGEL [defense counsel]: I object. I have a motion.
A He didn't.
MR. ANGEL: I have a motion for a mistrial.
The defendant has every right, after being read his rights, assuming it is the Miranda rights 
* * * * * *
MR. ANGEL: I have not heard any statement of what he is making reference to.
In fact, he has the right to say nothing.
THE COURT: I will deny your motion for mistrial.
The state contends that this patently improper evidence was justified as in rebuttal of testimony given by Knight when he took the stand. See Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979); Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974), cert. denied, 317 So.2d 766 (Fla. 1975). We need not decide whether a reference to the right to remain silent may ever be justified by the doctrine of "invited error" when, as here, it is elicited by the prosecutor, rather than by defense counsel as occurred in Jackson and Castle. This is the case because there is simply nothing in Knight's own testimony which was in any way contradicted by the fact that he did not discuss the crime after being given his Miranda *1067 warnings. There was thus no justification whatever for the denial of the motion for mistrial, which properly preserved the issue below, Clark v. State, 363 So.2d 331 (Fla. 1978), and the case must therefore be retried. Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975).[1]
The defendant's other point of substance concerns the claim that he was improperly adjudicated and sentenced for both attempts first degree murder as charged in Count I and aggravated battery as charged in Count II. He asserts that the latter crime is a lesser included offense of the former. We do not agree. The point is governed by Section 775.021(4), Florida Statutes (1977) which took effect prior to the events involved in this case and which therefore controls. See Johnson v. State, 366 So.2d 418 (Fla. 1978). That statute provides:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
As we analyze the information and the evidence, see Brown v. State, 206 So.2d 377 (Fla. 1968), two separate sets of acts involving two separate crimes were charged and proven. Simply stated, Knight was accused and convicted of attempted first degree murder, as Count I stated, for the shots which were fired with premeditation "at" Jones, but which missed him; and of aggravated battery for the shots which actually struck the victim. Since it is plain therefore that the second crime was not included within the first one and thus was neither a category (3) nor category (4) lesser offense as defined in Brown v. State, supra, Knight could properly be adjudicated and sentenced for both. See Johnson v. State, supra; State v. Heisterman, 343 So.2d 1272 (Fla. 1977); Fayerweather v. State, 332 So.2d 21 (Fla. 1976); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975). The appellant's reliance for the contrary conclusion upon Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978) is misplaced. While the facts of the Kimbrough case are almost identical, the allegations of the charging document, see Brown v. State, supra, are decisively different. There, the attempted murder count alleged that "the defendant ... did shoot [the victim] with a firearm." [e.s.] 356 So.2d at 1295. Clearly an aggravated battery allegedly committed by the very same act of shooting him was, as the court correctly held, a lesser included offense of that charge. It is not, however, a lesser offense of the crime as alleged in Count I of the information before us, which charges that the attempted murder was committed by shooting "at," but not by striking the victim.[2]
*1068 The judgment below is reversed and the cause remanded for a new trial on both counts of the information.
Reversed and remanded.
NOTES
[1] Although the issue would not justify reversal if considered alone, since a new trial is required for other reasons, we point out that it was error, as argued in the appellant's point II, to permit evidence that Knight had been arrested (on another occasion) for a crime not related to the present charges. Warren v. State, 371 So.2d 219 (Fla. 2d DCA 1979); Whitehead v. State, 279 So.2d 99 (Fla. 2d DCA 1973); see Clark v. State, 337 So.2d 858 (Fla. 2d DCA 1976). At the retrial, the contents of the officer's conversation with Knight, which were relevant on the issue of premeditation, should be related without reference to the fact that the occasion of the communication was an arrest. See Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979).
[2] It was error, however, to impose a 20 year sentence as to Count II of the information. Aggravated battery, see Sec. 784.045, Fla. Stat. (1975), is a second degree felony which carries a maximum sentence of 15 years. Since the use of a deadly weapon is an element of the offense as statutorily defined, Sec. 784.045(1)(b) and as charged in Count II of this information, the penalty may not be "enhanced" under Sec. 775.087(1)(c), because a firearm was involved. See Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).