546 So.2d 798 (1989)
STATE of Florida, Appellant,
v.
Elishua Joshua WRIGHT, Appellee.
No. 88-3038.
District Court of Appeal of Florida, First District.
July 27, 1989.
*799 Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Certified Legal Intern; Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellant.
Michael E. Allen, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellee.
NIMMONS, Judge.
The state appeals from an order dismissing three of the four counts charging the defendant with driving while under the influence of alcohol and causing damage to the property of another. We reverse.
According to the evidence presented to the trial court in connection with the defendant's motion to dismiss, the defendant operated a motor vehicle while drunk and caused damage to four separate vehicles.[1]
In each of the subject counts, the defendant was charged under Section 316.193(3)(c)1., Florida Statutes (1987). Section 316.193 provides, in pertinent part:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 percent or higher.
* * * * * *
(3) Any person:
(a) Who is in violation of subsection (1);

(b) Who operates a vehicle; and

(c) Who, by reason of such operation, causes:

1. Damage to the property or person of another is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. (emphasis added).
The defendant's contention that the charging of multiple counts was a violation of double jeopardy principles is not well grounded. These counts do not merely charge the offense of DUI, but DUI with the additional element of causing damage to the property of another. The logical extension of the appellant's argument would mean that a drunk driver who causes multiple deaths could be prosecuted for only one count of DUI manslaughter under Section 316.193(3)(c)3.[2] Damage to the property of another by a drunk driver is proscribed (Section 316.193(3)(c)1.) by the legislature just as the injury or killing of another by a drunk driver is proscribed (Section 316.193(3)(c)1., 2. and 3.).
It is abundantly clear from Section 316.193 that the legislature contemplated separate offenses where different victims are injured or killed, or where the driver causes damage to different victims' property. Separate convictions for the subject four counts are not violative of the defendant's double jeopardy rights since different victims *800 are involved. See Onesky v. State, 544 So.2d 1048 (Fla. 2nd DCA, 1989); Watford v. State, 525 So.2d 484 (Fla. 1st DCA 1988); Douglas v. State, 349 So.2d 694 (Fla. 1st DCA 1977).
Accordingly, the order of dismissal is REVERSED.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Defendant's car actually collided with only one car but caused a chain reaction in which a total of four vehicles were damaged. As long as the defendant caused the damage to the four vehicles, it makes no difference that the defendant's vehicle actually came into collision with only one.
[2] The prosecution of multiple counts for DUI manslaughter is apparently commonplace, and not open to serious question. E.g. State v. Naumowicz, 535 So.2d 702 (Fla. 1st DCA 1988).