593 So.2d 1129 (1992)
James VON DECK, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 91-758.
District Court of Appeal of Florida, Fifth District.
February 7, 1992.
Rehearing Denied March 6, 1992.
James G. Kontos and Daniel S. Ciener of Law Firm of Daniel S. Ciener, Merritt Island, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.
COWART, Judge.
The criminal information in this case charges the defendant with attempted premeditated murder of a police officer in language as follows:
On the 24th day of October 1990, did then and there attempt to commit an offense prohibited by law MURDER OF A LAW ENFORCEMENT OFFICER, to then and there unlawfully kill a human being, S. HUSS, MUNICIPAL POLICE OFFICER, PALM BAY POLICE DEPARTMENT, WHILE HE WAS ENGAGED IN THE LAWFUL PERFORMANCE OF HIS DUTY, by SHOOTING AT S. HUSS WITH A FIREARM, and said killing was perpetrated by said JAMES RONALD VONDECK, from a premeditated design or intent to effect the death of said S. HUSS, and toward commission of said offense, said JAMES RONALD VONDECK did SHOOT AT S. HUSS WITH A FIREARM, TO WIT: PISTOL, contrary to Sections 777.04(1), *1130 777.04(4)(a) and 782.04, 784.07(3), Florida Statutes,
During the charge conference at trial the defendant objected to proposed jury instructions relating to aggravated assault, arguing that aggravated assault was not a lesser included offense of the crime of attempted murder as charged in the charging document.
The defendant was found guilty of aggravated assault on a police officer with a firearm and appeals.
Under the Schedule of Lesser Included Offenses contained in the Florida Standard Jury Instructions in Criminal Cases, aggravated assault is designated as a category 2 lesser offense of first degree murder. A category 2 offense is one which "may or may not be included in the offense charged, depending on the accusatory pleading and the evidence." (Emphasis added). Thus whether aggravated assault qualifies as a category 2 lesser offense requires first examination of the information to determine whether it alleges all of the elements of the lesser offense and second, whether the evidence supports the allegation of the lesser offense. State v. Daophin, 533 So.2d 761 (Fla. 1988).
Section 784.021, Fla. Stat., provides as follows:
(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
(2) Whoever commits an aggravated assault shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
An aggravated assault of a law enforcement officer is a second degree felony. See § 784.07(2), Fla. Stat.
An "assault" is defined in section 784.011, Florida Statutes, as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well founded fear in such other person that such violence is imminent."
As the defendant points out, nowhere in the charging document is there any allegation that the act of the defendant caused a well founded fear in Officer Huss that any violence was imminent. Compare Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990) (aggravated assault was a lesser included offense of charge of attempted first degree murder, based on the firing of a weapon at a person during the course of a robbery). The State relies on Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978) wherein the Fourth District reversed a conviction and held that the defendant was entitled to an instruction on aggravated assault as a lesser offense of attempted second degree murder where the information alleged that the defendant attempted to unlawfully kill a human being and did shoot him with a firearm and the evidence established that five shots were fired at the victim which the court declared satisfied the statutory requirement of creating a well founded fear in the victim. The court's stated conclusion that the statutory elements of aggravated assault and simple assault could be found in Count I of the information is weak:
Count I alleges that the defendant attempted to unlawfully kill a human being and did shoot him with a firearm. This shooting surely constitutes a threat to do violence to another with the apparent ability to do so by an act which could create a well founded fear in the victim of imminent violence.
356 So.2d at 1295. Kimbrough is probably erroneous but then a reading in a criminal case in favor of the defendant, or made at the defendant's special informal request, cannot be said to violate his constitutional right as to notice and due process.
The Second District, in Dunn v. State, 397 So.2d 748 (Fla. 2d DCA 1981), rev. denied, 407 So.2d 1103 (Fla. 1981), held that the defendant's requested instruction on aggravated assault in a prosecution for attempted first degree murder was properly denied where there was no evidence that the victim was ever placed in fear. The court thus distinguished Kimbrough where *1131 there was evidence of a putting in fear. The Second District, however, did observe:
Because the facts of this case are different from Kimbrough, we need not pass on whether we agree with our sister court that an information which merely recites an attempted murder by way of a shooting sufficiently alleges the element of well-founded fear for purposes of charging a lesser included offense of aggravated assault. Cf. State v. Dye, 346 So.2d 538 (Fla. 1977), in which the supreme court held that no essential elements of a crime should be left to inference in an information.
397 So.2d at 751, n. 2.
While evidence was presented here which would have supported an instruction on aggravated assault, the allegations in the instant information do not allege all the elements of an aggravated assault. It was therefore error for the trial court to instruct, over objection, on that charge.
The defendant's conviction is reversed.
REVERSED AND REMANDED.
HARRIS and DIAMANTIS, JJ., concur.