DAUKSCH, Judge,
concurring specially.
Appellant urges, inter alia, that a single definition of the word “assault” should be applied throughout the law. That thought assaults my sensibilities. There is a statutory definition for a particular crime of assault, section 784.011, but that does not mean that every time that word is used that that particular definition applies. Suffice it, for me at least, to say that if one touches a child, or an unwilling adult, for that matter, lewdly, or exposes oneself lewdly, then an assault of kind occurs. As did in this case.
At trial everyone, including the jury, was confused about the crime charged and the lesser included offenses. However, the state by charging a “lewd assault” did not charge, as a lesser, the crime of assault. In order to have that crime charged it must be specifically within the words of the greater charge. State v. Daophin, 533 So.2d 761, 762 (Fla.1988); Von Deck v. State, 593 So.2d 1129, 1130 (Fla. 5th DCA), approved, 607 So.2d 1388, 1389 (Fla.1992). For example, the state could have worded its information to charge both by saying “did knowingly commit a lewd or lascivious assault upon (name omitted), date of birth: April 4, 1976, a child under the age of sixteen years, by handling or fondling the breast of (name omitted) but without committing sexual battery,” and did unlawfully threaten to do violence to the person of (name) coupled with an apparent ability to do so, and thereby did create in the mind of (name) a well-founded fear in (name) that such violence is imminent. The underlined words charge assault and were not in the information, so the appellant was not charged with that crime. He was charged, however, with the lewd assault, as quoted above.
“Lewd assault” is the statutorily proscribed act the appellant committed — he did it by, as charged, the handling and fondling. Thus, I concur.