DELL, JOHN W., Senior Judge:
David Bautista (“appellant”), appeals the trial court’s final judgment 'adjudicating him guilty of and sentencing him for two counts of first degree driving under the influence (“DUI”) manslaughter Mth failure to render aid. We affirm.
Appellant’s vehicle collided with another car fatally injuring the two passengers therein. He was operating his vehicle with an unlawful blood alcohol level. He fled the scene of the accident without rendering aid to the passengers or providing information to the responding police officers. A jury convicted him of two counts of first degree DUI manslaughter with failure to render aid.
Appellant raises three points on appeal. He contends that he should be granted a new trial because the prosecutor made comments during opening statement that denied him of a fair trial and that the trial court erred' when it enhanced both DUI manslaughter counts to first degree felonies for his failure to render aid.[1] He also contends that trial court erred when it convicted and sentenced him for two counts of DUI manslaughter. He argues for the first time on appeal that the multiple conviction for the death of two victims arising out of a single accident cannot stand because the manslaughter statute is ambiguous apd will support only a single conviction because the statute refers to “the death of any human being” instead of “a” human being. See § 316.193(3)(c), Fla. Stat.' (2001).[2]
*124 We have considered appellant’s argument concerning the prosecutor’s comments during opening statement. We conclude that the comments neither reached the level of fundamental error nor did they constitute .reversible error. Next, for the reasons which we will discuss concerning the DUI manslaughter statute, we affirm the enhancement to the first degree for both counts of DUI manslaughter because appellant failed to render aid and provide information for the two victims.
We are not persuaded by appellant’s argument that the DUI manslaughter statute is ambiguous because it contains the article “any” instead of the article “a.” Appellant’s argument relies upon the “a/ any test,” a product of the decisions in Grappin v. State, 450 So.2d 480 (Fla.1984), and State v. Watts, 462 So.2d 813 (Fla.1985). In Watts, the court discussed Grappin and explained that,
We reasoned that Grappin may be charged in a five-count information with five thefts because the article “a” prefaced firearm. We noted that the use of the article “a” in reference to “firearm” in section 812.014(2)(b)3 clearly shows that the legislature intended to make each firearm a separate unit of prosecution. Id. at 482. We specifically contrasted the article “a” with the article “any” by pointing out that federal courts have held that the term “any firearm” is ambiguous with respect to the unit of prosecution and must be treated as a single offense with multiple convictions and punishments being precluded.
Watts, 462 So.2d at 813-14.
The Florida Supreme Court has not applied the “a/any test” in a case of multiple convictions of DUI manslaughter resulting from the death of more than one victim during one accident. However, the court has held in Melbourne v. State that multiple convictions of DUI manslaughter in such a circumstance does not violate double jeopardy principles.
This Court has held that only one conviction can arise from a single violation of the driving with a suspended license statute even though injury results to several persons. Boutwell v. State, 631 So.2d 1094 (Fla.1994). Florida courts also have held, however, that multiple convictions can arise from a single violation of the DUI statute where injury results to several persons. See, e.g., Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla.1992). The different constructions of these two statutes, we conclude, are not contradictory; the link between the statutory violation and resultant injury is fundamentally different.
' In the case of driving with a suspended license, the link between thé violation and injury is indirect — the suspended license in no way causes the driver’s carelessness or negligence. To allow multiple convictions for a single violation of this statute would be illogical because the violation does not cause injury to any of the victims. In the case of DUI, on the other hand, the link is direct — the driver’s intoxication results in his or her inability to drive safely. The DUI driver may sustain multiple convictions because the violation causes injury to each victim.
Melbourne v. State, 679 So.2d 759, 765 (Fla.1996). See also State v. Wright, 546 So.2d 798, 799 (Fla. 1st DCA 1989)(“It is abundantly clear from Section 316.193 that the legislature contemplated separate of *125 fenses where different victims are injured or killed, or where the driver causes damage to different victims’ property.”).
We recognize that Melbourne addressed a double jeopardy argument and not the application of the “a/any test.” However, we conclude that appellant’s convictions and sentences must be affirmed based on the more recent and explicit language in Melbourne: “The DUI driver may sustain multiple convictions because the violation causes injury to each victim.” 679 So.2d at 765.
Accordingly, we affirm appellant’s convictions and sentences, and we certify the following question as one of great public importance.
DOES THE ' “A/ANY” TEST ADOPTED IN GRAPPIN v. STATE AND STATE v. WATTS AS THE METHOD FOR DETERMINING THE UNIT OF PROSECUTION FOR THE COMMISSION OF MULTIPLE PROSCRIBED ACTS IN THE COURSE OF A SINGLE EPISODE, PRECLUDE MULTIPLE CONVICTIONS FOR DUI MANSLAUGHTER WHERE MORE THAN ONE DEATH OCCURS IN A SINGLE ACCIDENT AS APPROVED IN MELBOURNE v. STATE.
AFFIRMED.'
SHAHOOD, J., concur.
KLEIN, J., dissents with opinion.

. § 316.193(3)(c)3.b, Florida Statutes (2001), provides that a person who drives under the influence and by reason of such operation causes the death of any human being commits a DUI manslaughter classified as a felony of the first dégree, if:
(I) At the time of the crash, the person knew, or should have known, that the crash occurred; and
(II) The person failed to give information and render aid as required by s. 316.062. If the two conditions do not apply, however, the person commits a felony of the tsecond degree. See § 316.193(3)(c)3.a.

. Any person:
(a) Who is in violation of subsection (1) [driving under the influence];
(b) Who operates a vehicle; and
*124 (c) Who, by reason of such operation, causes:
3. The death of any human being commits DUI manslaughter....
§ 316.193(3)(c), Fla. Stat. (2001).