616 So.2d 79 (1993)
STATE of Florida, Appellant,
v.
Felicia ROBERTS, Appellee.
No. 92-01544.
District Court of Appeal of Florida, Second District.
March 12, 1993.
*80 Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Acting Chief Judge.
The state challenges the trial court's order granting appellee's motion for a new trial. The jury found appellee guilty of second degree murder with a firearm (Count I) and aggravated assault with a firearm (Count II). The court, however, granted appellee's motion for a new trial on the basis of three asserted errors: (1) Improper jury instruction on Count II; (2) improper encouragement to reach a verdict in one day; and (3) improper refusal to allow jurors to rehear certain testimony. We reverse.
Appellee was charged by information with second degree murder with a firearm in Count I for the fatal shooting of Cynthia Robinson. The jury found her guilty as charged. She was charged in Count II with attempted second degree murder with a firearm, stemming from a nonfatal shooting incident, occurring at the same time as the shooting of Cynthia Robinson, but involving Ora Dorris. The jury, however, found appellee guilty of aggravated assault with a firearm, as a category two lesser included offense.
The state's first challenge concerns the category two aggravated assault with a firearm instruction given on Count II. The general rule is that aggravated assault may qualify as a category two lesser included offense if: (1) The information alleges all of the elements of aggravated assault; and (2) the evidence supports the allegation of aggravated assault. State v. Daophin, 533 So.2d 761 (Fla. 1988).
The trial court found that it had improperly given the aggravated assault with a firearm instruction regarding Count II of the information because the information in Count II charging attempted second degree murder did not allege all of the elements of aggravated assault. Specifically, it failed to allege that appellee created a well-founded fear in the victim, Ora Dorris, of imminent violence. The state maintains, however, that the information, while not specifically making that allegation, was sufficient under Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978). However, Kimbrough has been disapproved by the Florida Supreme Court in State v. Von Deck, 607 So.2d 1388 (Fla. 1992). The Von Deck court found the absence of a specific allegation regarding well-founded fear in the victim to be reversible error.
We conclude that the trial court was correct when it determined that giving the aggravated assault instruction was error and that the aggravated assault conviction should not stand. Appellee, having already been found not guilty by jury verdict of the charged offense of attempted second degree murder, cannot be retried on that charge. Neither, however, is a new trial on aggravated assault with a firearm the proper remedy for, as we and the trial judge have determined, an essential element of that offense was never charged. Therefore, we vacate appellee's conviction for aggravated assault with a firearm and reverse the trial court's order granting a new trial on Count II.
*81 The state next challenges the court's finding that it coerced the jury into rendering its verdict. Six and one-half hours into the jury's deliberations, at 10:32 p.m., the court returned the jury to the courtroom and told the jurors:
First of all. We realize that you all are working very hard on your verdict in this case, and we appreciate that. And I don't want you to think that we're Simon LeGree to have you back there for six and a half hours with only one fifteen minute break and some coffee; however, for reasons I'll need not go into, we consider it very important to try to reach a verdict on the same day that the case is submitted to you for your consideration.
However, I did want to tell you that because of the hour and because you all have yet to announce that you have reached a verdict in this case, I just want to tell you that in the event that you all are unable to reach a verdict any time soon, we have made arrangements to put you up in a local hotel this evening, if necessary.
However, what I want you all to do, if possible, if you think you are getting close enough to a verdict and you want to finish tonight, please let us know and we will wait; however, if not, we would still like to see if you all could put in a little bit more time tonight, and if you can't reach a verdict in about an hour, then we will have to have you all transported over to the hotel, and we will bring you back tomorrow morning to continue your deliberations.
But I just want to let you know, number one, we haven't forgotten that you're back there. Number two, we know that you are giving this a lot of careful consideration and that it's been a very long day.
But please understand that it is important to us that you try to reach a verdict today, but it's not essential that you reach a verdict today. But I am going to let you go back and deliberate for a little while longer, and I'll be notifying you soon when I think it's time for you all to give up for the evening and go to the hotel.
However, the next time we visit you, if you think you're close and want to stay and finish, we will stay until you are finished.
At this time, if you would please go back in the jury room and continue your deliberations.
At this time, the jury had not announced deadlock. The court, however, was concerned with the time and how to determine whether the jury would finish that night.
The jury returned its verdict at 11:28 p.m.
First, this was not an Allen charge. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) [charge to dead-locked jury that they must agree on verdict if it can be done without violating jurors' convictions based on evidence]. Second, we do not believe that the court's statements could be construed to have improperly coerced the jury to render its verdict. The court made it clear that hotel arrangements had been made for them, and that they could continue the next day if they could not reach a verdict that night. There was no impermissible implication that appellee would have to be retried or would escape prosecution if they could not reach a verdict that night. Contrast Heddleson v. State, 512 So.2d 957 (Fla. 4th DCA 1987); Webb v. State, 519 So.2d 748 (Fla. 4th DCA 1988); Nelson v. State, 438 So.2d 1060 (Fla. 4th DCA 1983). The court's statement to the jury that it was important that they reach a verdict in one day did not amount to impermissible coercion, particularly in view of the court's reassurance to the jury that it was not essential that they reach a verdict in one day and his statement that hotel arrangements had been made for them. We find that the court's statements to the jury here were permissible.
Finally, the state challenges the court's finding that it improperly refused to allow the jurors to rehear the testimony of two officers who had been at the scene. The jury retired to deliberate at 4:07 p.m. At 4:59 p.m., the jury requested to "see" the testimony of Deputies Howard and *82 Webb. The court, following extensive discussion with counsel, responded in writing:
At this time the Court wants you to discuss the testimony of the two witnesses based on your own memory and recollection of their testimony. If their testimony or any part of it is crucial to your deliberations and you cannot solve your factual findings without it, please advise the Court and I will reconsider your request.
The jury did not repeat its request. It must be assumed that the jurors decided that they did not need to hear that testimony again. While the trial judge here believed that his refusal to allow the jurors to rehear the testimony was error, he was not certain whether it was harmless or reversible. He concluded that while each of these last two asserted errors may not, standing alone, have been reversible error, the cumulative effect of the two had denied appellee a fair trial.
We do not agree. We do not believe either was error, or if it was, it was harmless. We, therefore, reverse the order granting appellee's motion for a new trial, vacate appellant's conviction on Count II, and reinstate appellee's conviction on Count I.
THREADGILL and PATTERSON, JJ., concur.