622 So.2d 1160 (1993)
James Ronald VON DECK, Petitioner,
v.
Hon. Kerry I. EVANDER, Circuit Court Judge, etc., Respondent.
No. 93-841.
District Court of Appeal of Florida, Fifth District.
August 20, 1993.
*1161 James G. Kontos of the Law Firm of Daniel S. Ciener, Merritt Island, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
DIAMANTIS, Judge.
Petitioner seeks a writ of prohibition to stop a successive criminal prosecution brought against him based upon a claim of double jeopardy. Petitioner relies on the same conduct test of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and the related offense doctrine of rule 3.151 of the Florida Rules of Criminal Procedure. We deny the petition.
In the first information filed against petitioner, the state charged him with the offense of attempted premeditated first-degree murder of a law enforcement officer in that on October 24, 1990, petitioner shot at a law enforcement officer, contrary to sections 777.04(1), 777.04(4)(a), 782.04, and 784.07(3), Florida Statutes (1989). This information failed to allege that the officer observed any act by petitioner which created a well-founded fear of imminent violence. The state requested a jury instruction on the permissive lesser-included offense of aggravated assault on a law enforcement officer,[1] and the trial court, over petitioner's objection, gave such an instruction. The jury acquitted petitioner of the attempted murder charge, but convicted him of the aggravated assault charge.
On appeal, this court reversed petitioner's conviction, holding that the information did not sufficiently allege the offense of aggravated assault on a law enforcement officer because aggravated assault was not a necessarily lesser included offense of attempted murder and because the *1162 information failed to allege that the officer had been placed in fear, a necessary element of aggravated assault. See Von Deck v. State, 593 So.2d 1129 (Fla. 5th DCA), approved, 607 So.2d 1388 (Fla. 1992).
When this matter returned to the trial court, the state filed an amended information charging petitioner with aggravated assault on a law enforcement officer with a firearm in violation of sections 784.07(2) and 775.087(2), Florida Statutes (1989). Petitioner then filed a petition for a writ of prohibition, seeking an order prohibiting the trial court from proceeding in this matter. As noted above, petitioner based his claim on Grady and rule 3.151.
Simultaneously with the issuance of our previous opinion in this case, which opinion we have withdrawn, the United States Supreme Court receded from Grady. See United States v. Dixon, ___ U.S. ___, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Dixon states that, in the context of subsequent prosecutions and punishments, the double jeopardy bar applies when the two offenses for which a defendant is tried or punished cannot survive the traditional Blockburger[2] test. That test inquires whether each offense contains an essential element not contained in the other; if not, they are the "same offense" within the meaning of the double jeopardy clause, and subsequent prosecution is barred.
In the present case, the offense of aggravated assault contains an essential element not contained in the offense of attempted first-degree murder and vice versa. Attempted first-degree murder includes as an essential element the intent to kill but, unlike aggravated assault, does not require that the victim have a well-founded fear of imminent violence. Compare §§ 782.04(1)(a)1, 777.04, and 784.07(3) with §§ 784.011, 784.021, and 784.07(2)(c), Fla. Stat. (1991). Consequently, under Blockburger, double jeopardy does not bar petitioner's successive criminal prosecution for aggravated assault of a law enforcement officer.
Petitioner also contends that rule 3.151 of the Florida Rules of Criminal Procedure bars his subsequent prosecution on the aggravated assault charge.[3] Rule 3.151(c) provides for dismissal of related offenses not consolidated for trial; however, this procedural rule does not invoke double jeopardy concerns. Under rule 3.151(c), a motion to dismiss a related offense may be denied if the trial court finds that a previous motion for consolidation has been denied, the defendant has waived the right to consolidation, or the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
An allegedly erroneous denial of a rule 3.151(c) motion to dismiss does not affect the trial court's subject matter jurisdiction as does the erroneous denial of a motion to dismiss based on double jeopardy grounds. Thus, the trial court's findings and conclusions in this regard may be challenged on direct appeal from any judgment and sentence. See, e.g., Dixon v. State, 486 So.2d 67 (Fla. 4th DCA 1986). Accordingly, we decline to review this issue by *1163 writ of prohibition. See English v. McCrary, 348 So.2d 293, 296 (Fla. 1977).
PETITION DENIED.
COBB and PETERSON, JJ., concur.
NOTES
[1] §§ 784.07(2), 775.087(2), Fla. Stat. (1989).
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Rule 3.151 provides:

Rule 3.151 Consolidation of Related Offenses
(a) Related Offenses. For purposes of these rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
* * * * * *
(c) Dismissal of Related Offenses After Trial. When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.