PER CURIAM.
The state appeals an order dismissing a two count information filed against appellee Dennis Jerome Godwin. We reverse.
On January 11, 1993, the state filed an information against the appellee charging him with two counts of aggravated assault in violation of section 784.021, Florida Statutes (1991). The appellee moved to dismiss these charges on grounds of double jeopardy alleging that he had already pled guilty to the offense of reckless driving arising out of the same incident. The trial court granted the appellee’s motion to dismiss the charges and the state filed this timely appeal.
We reverse the order dismissing the charges of aggravated assault. The United States Supreme Court in United States v. Dixon, 509 U.S. -, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), has held that successive prosecutions for offenses arising out of the same conduct are proper if the offenses have different elements according to Blockburger v. United States, 284 U.S. 299, *229 52 S.Ct. 180, 76 L.Ed. 306 (1932). The offenses of reckless driving and aggravated assault each contain an element that the other does not. State v. Lappin, 471 So.2d 182 (Fla. 3d DCA 1985). Therefore, even though the aggravated assault charges and the reckless driving charge arose from the same act, there was no double jeopardy violation in charging the appellant with aggravated assault after he pled guilty to reckless driving.
We reverse the dismissal of the aggravated assault charges and remand for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.