654 So.2d 1227 (1995)
David VELASQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03539.
District Court of Appeal of Florida, Second District.
May 5, 1995.
*1228 J. Michael Shea and Frank D. Butler, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, David Velasquez, challenges the judgments and sentences entered against him after he was found guilty of three counts of aggravated assault with a firearm. We reverse.
Appellant was originally charged with four counts of aggravated assault with a firearm, in violation of section 784.021, Florida Statutes (1991), and four counts of attempted aggravated battery, in violation of sections 784.045 and 777.04, Florida Statutes (1991). The state amended the information twice and appellant was ultimately charged with three counts of attempted first degree murder, in violation of sections 782.04 and 777.04, Florida Statutes (1991). Appellant waived his right to a jury trial. The trial court heard the evidence and found appellant innocent of the attempted first degree murder charges but found him guilty of three counts of aggravated assault with a firearm. After the trial court adjudicated appellant guilty and imposed sentences, the appellant filed a timely notice of appeal.
Appellant raises several points on appeal. We agree with the contention that the charging document was insufficient to support the convictions of aggravated assault with a firearm and reverse the convictions on that basis.
Appellant was found guilty of the lesser included offense of aggravated assault with a firearm. One of the essential elements of this crime which the state must allege is that the offender created a well founded fear in the victim of imminent violence. State v. Roberts, 616 So.2d 79 (Fla. 2d DCA 1993). The charging document in the instant case charged only the elements of the crime of attempted first degree murder. It is undisputed that the information failed to allege that the appellant created in the victims a well founded fear of imminent violence. The absence of this specific allegation in the information is reversible error. State v. Von Deck, 607 So.2d 1388 (Fla. 1992); Roberts.
A conviction on a charge not made by the indictment is a denial of due process of law. State v. Gray, 435 So.2d 816 (Fla. 1983). The complete failure of an information to charge a crime is an error that can be raised at any time. State v. Gray, 435 So.2d at 818. Accordingly, appellant may raise this issue for the first time on appeal.
Because the charging document failed to allege all the essential elements of the lesser included offenses of which appellant was convicted, appellant's convictions must be reversed. Von Deck; Roberts. Appellant has already been found not guilty of the charged offenses of attempted first degree murder, therefore, he cannot be retried on those charges.
We, accordingly, reverse and remand for further proceedings. See Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993). See also State v. Godwin, 632 So.2d 228 (Fla. *1229 2d DCA), rev. denied, 640 So.2d 1107 (Fla. 1994).
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and FULMER, JJ., concur.