659 So.2d 1238 (1995)
Efram JARAMILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03544.
District Court of Appeal of Florida, Second District.
August 25, 1995.
*1239 Elizabeth L. Hapner, P.A., Tampa, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for appellee.
PARKER, Judge.
Efram Jaramillo appeals his three convictions for aggravated assault with a firearm. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record in accordance with our obligation under State v. Causey, 503 So.2d 321 (Fla. 1987), we directed the parties to file supplemental briefs addressing the issue of whether Jaramillo's convictions must be reversed because the charging document failed to allege all of the essential elements of aggravated assault with a firearm. The parties filed supplemental briefs, and the state conceded error.
The state filed an amended information charging Jaramillo with three counts of attempted first-degree murder. After a bench trial the court found Jaramillo guilty of three counts of aggravated assault with a firearm.
A conviction on a charge not contained in the charging document is a denial of due process. State v. Gray, 435 So.2d 816 (Fla. 1983). The information in this case did not allege the element that the victim had a well-founded fear of imminent violence. That element is essential to support a conviction for aggravated assault with a firearm. State v. Roberts, 616 So.2d 79 (Fla. 2d DCA 1993). Because the information failed to allege all of the essential elements of the crime for which he was convicted, Jaramillo's convictions for aggravated assault with a firearm must be reversed. See Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995). The state cannot retry Jaramillo for attempted first-degree murder; however, the state can file an amended information and proceed against Jaramillo for aggravated assault with a firearm without violating double jeopardy. See Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
Reversed and remanded.
DANAHY, A.C.J., and BLUE, J., concur.