PARKER, Judge.
Jerry Hedgeman appeals his conviction for second-degree murder,[1] arguing that his motions for judgment of acquittal and for arrest of judgment should have been granted by the trial court because of insufficient evidence. We agree and reverse only the conviction and sentence for second-degree murder.
Hedgeman was indicted for murder in the first degree. The state prosecuted Hedge-man on theories of first-degree premeditated murder and felony murder. The evidence at trial established the following. The victim owed Hedgeman ten dollars. There were at least two prior altercations involving this debt between the victim and Hedgeman in which Daniel White and another person were also involved. In one of these, Hedgeman stated that he was going to get the victim.
On the night the victim was killed, the victim was visiting a neighbor who lived in the apartment across the alley from the victim’s apartment. Hedgeman accompanied White and two other males to the victim’s neighbor’s apartment. White entered the apartment and shot the victim three times. There was conflicting testimony as to whether Hedgeman was in the apartment when White fired the three shots. From the testimony it appears that Hedgeman and one other man were either behind White at the time of the shooting or entered the apartment immediately following the shooting. After the victim lay wounded on the floor, Hedgeman walked over and kicked the victim. Later that day, Hedgeman made the statement, ‘We killed that fucking nigger.”
Hedgeman could not have been convicted of second-degree felony murder because the killing was committed by a principal. See State v. Dene, 538 So.2d 265 (Fla. 1988). Thus, Hedgeman could have only been convicted of second-degree murder as a lesser included of first-degree premeditated murder, if there was sufficient evidence to establish that he was a principal to the crime.
In order to establish that Hedgeman was a principal to the crime committed by another, the state had to prove that Hedgeman intended the crime be committed and did some act to assist the other person in actually committing the crime. See Staten v. State, 519 So.2d 622 (Fla.1988); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978).
Here, there was no evidence to establish that Hedgeman, who accompanied White, the one who fired the gun, knew that White intended to kill the victim. Although there was evidence to establish that there were prior confrontations between White, Hedge-man, and another companion, there was no testimony that White or Hedgeman intended to kill the victim on those prior occasions. Absent any testimony to establish that White planned to kill the victim that night and that Hedgeman knew of his plans, there is no evidence that Hedgeman intended that the crime be committed. Further, although there was conflicting testimony regarding whether Hedgeman was in the room when White fired the shots, there was no evidence that Hedgeman took any action prior to or during the shooting to aid, encourage, or participate in White’s act of shooting the victim. Finally, the medical examiner testified that one of the shots was fatal and that the kicking in no way contributed to the cause of death.
In light of the lack of evidence to establish that Hedgeman knew of White’s intent to kill the victim and that he took action to aid him in that act, there was not sufficient evidence to convict Hedgeman of second-degree mur *89 der on the principal theory. Upon remand, the state may seek to prosecute Hedgeman for any crime not barred by speedy trial, double jeopardy, or the statute of limitations. See State v. Godwin, 6B2 So.2d 228 (Fla. 2d DCA), review denied, 640 So.2d 1107 (Fla. 1994); Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
Reversed and remanded.
DANAHY, A.C.J., and BLUE, JJ., concur.

. Hedgeman was also convicted of trespass but does not appeal that conviction.