RYDER, Acting Chief Judge.
The state seeks review of the dismissal of charges it filed against David Velasquez; after his initial conviction was reversed on appeal. We reverse and remand to the lower court with instructions to reinstate the charges.
At the trial before his first appeal, Mr. Velasquez had been charged with three counts of attempted first degree murder, but was convicted of three counts of aggravated assault with a firearm. We reversed his convictions, holding that the charging instrument was insufficient to support the convictions for aggravated assault. Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995). On remand, the state charged him with three counts of aggravated assault in violation of section 784.021, Florida Statutes (1991). Mr. Velasquez moved to dismiss the charges, arguing that retrial was barred by double jeopardy or by Florida Rule of Criminal Procedure 3.151. The lower court dismissed the charges on the basis that they violated rule 3.151.
At the outset we note that Mr. Velasquez essentially concedes that double jeopardy alone would not bar retrial. This is correct. As the Fifth District noted in Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993), the offense of aggravated assault contains an essential element not included in the offense of attempted first degree murder. Double jeopardy, therefore, does not bar a successive prosecution for aggravated assault after an acquittal on an attempted murder charge. In Jaramillo v. State, 659 So.2d 1238, 1239 (Fla. 2d DCA 1995), which involved the same facts presented in Mr. Velasquez’s first appeal, we relied on Von Deck in explaining that, on remand, “[t]he state cannot retry Jaramillo for attempted first-degree murder; however, the state can file an amended information and proceed against Jaramillo for aggravated' assault with a firearm without violating double jeopardy.” Additionally, in Mr. Velasquez’s first appeal, we noted that he could not be retried for attempted first degree murder because he had been found not guilty of those charges, but remanded for further proceedings, citing Von Deck.
None of these cases, however, ruled on the issue of whether rule 3.151(c) would bar retrial. That section states:
(c) Dismissal of Related Offenses After Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by the defendant for consolidation of the charges has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
As the title and language of this rule state, it applies after the defendant has been tried on one charge. While Mr. Velasquez had been previously tried, our reversal of his convictions and remand to the lower court effectively granted him a new trial. Florida Rule of Criminal Procedure 3.640 addresses the consequence of awarding a new trial: ‘When a new trial is granted, the new trial shall proceed in all respects as if no former trial had occurred....” Thus, for purposes of rule 3.151(c), Mr. Velasquez has not been “tried on a charge.” See also Wright v. State, 518 So.2d 475, 476-477 (Fla. 4th DCA 1988) (Glickstein, J., Concurring) (defendant charged with aggravated battery but convicted of aggravated assault; verdict set aside because defendant was convicted of crime not charged; rule 3.151 does not bar retrial).
Accordingly, we hold that neither double jeopardy nor rule 3.151 prevents the state *56 from charging Mr. Velasquez with aggravated assault and proceeding to retrial. We reverse the lower court’s dismissal of these charges, and remand with instructions to reinstate them.
Reversed and remanded.
PATTERSON and BLUE, JJ., concur.