696 So.2d 801 (1997)
Grant MAULDIN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03127.
District Court of Appeal of Florida, Second District.
February 21, 1997.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant argues, and the state concedes, that appellant was improperly convicted of misdemeanor battery (§ 784.03, Fla. Stat.(1995)). The information only charged appellant with aggravated assault (§ 784.021, Fla.Stat.(1995)). Battery is neither a category two lesser included offense of aggravated assault, nor were the elements of battery charged in the information. Appellant, therefore, was not properly apprised of the charges he would have to meet. Accordingly, we reverse and remand for further proceedings.
At trial, the state conceded that though aggravated assault was not proved, battery had been proved. The court agreed and found appellant guilty of misdemeanor battery. This was error.
The information alleged that appellant intentionally and unlawfully threatened to do violence to Becky Mauldin, had an apparent ability to do so and did an act creating a well-founded fear in Becky that such violence was imminent and, in so doing, used a deadly weapon, a firearm, without intent to kill Becky. However, in order to properly charge a battery, the state would have been required to allege that appellant intentionally committed an unwanted touching (§ 784.03, Fla.Stat.(1995)). That allegation was not present.
A conviction on a charge not made by the indictment is a denial of due process. See State v. Gray, 435 So.2d 816 (Fla.1983); Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995). Since battery is not a category two lesser included offense of aggravated assault, and the elements of battery were not charged in the information, appellant was improperly convicted on a charge not made in the indictment. See Fla. Std. Jury Instr. (Crim.), Schedule of Lesser Included Offenses; *802 B.S.W. v. State, 668 So.2d 1075 (Fla. 2d DCA 1996).
We, accordingly, reverse and remand. On remand, the state may file an amended information and retry appellant on the offense of battery. See Jaramillo v. State, 659 So.2d 1238 (Fla. 2d DCA 1995); Velasquez. See also Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
PARKER, J., and DAKAN, STEPHEN L., Associate Judge, concur.