PATTERSON, Acting Chief Judge.
David McCormack appeals from his judgments and sentences for attempted first-degree murder, armed sexual battery, three counts of aggravated battery, and two counts of attempted armed kidnapping. We affirm McCormack’s convictions, but remand for the correction of his sentence in case number 96-1608.
In count three of case number 96-1608, the information alleged that McCormack “actually and intentionally did touch or strike another person ... and in so doing did use a deadly weapon, to-wit, a knife, in violation of section 784.045, Florida Statutes.” The trial court enhanced McCormack’s sentence for the aggravated battery, a second-degree felony, to a life sentence for the use of a deadly weapon under section 775.087(1), Florida Statutes (1995). This was error. It is improper to reclassify an aggravated battery charged under section 784.045(1)(a)2, Florida Statutes (1995), to a life felony when the use of a deadly weapon is an essential element of the offense. See Dozier v. State, 677 So.2d 1352 (Fla. 2d DCA 1996). Accordingly, we reverse and remand for the correction of the sentence for count three to thirty years under the habitual offender statute. See § 775.084(4)(b)2, Fla. Stat. (1995).
Affirmed in part; remanded for correction of sentence.
BLUE and WHATLEY, JJ., Concur.