842 So.2d 235 (2003)
C.R.C., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2373.
District Court of Appeal of Florida, Second District.
April 9, 2003.
*236 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Tampa, for Appellee.
CASANUEVA, Judge.
C.R.C., who was charged with battery on a school board employee after he allegedly shoved the assistant principal during an altercation with another student, claims on appeal that the court erred in finding that he committed the delinquent act of disorderly conduct. We must reverse because, contrary to the trial judge's belief, disorderly conduct is not a lesser-included offense of the act with which the defendant was charged.
At trial both the assistant principal and the juvenile testified. C.R.C. admitted that he was fighting with another student but insisted that he never pushed the assistant principal, as she claimed. Instead, he believed that the person behind him who was trying to break things up was another friend, not a school official, and he simply pulled his hand away when she grabbed it. Based on this testimony, the trial judge specifically found that C.R.C. did not intentionally commit a battery on a school board official but decided to find C.R.C. delinquent for disorderly conduct.
The trial court committed reversible error in finding the defendant delinquent for committing an offense that was not a lesser-included offense of the crime with which he was charged. In D.L. v. State, 491 So.2d 1243, 1244 (Fla. 2d DCA 1986), this court observed that disorderly conduct is not a lesser-included offense of the charged crimes of battery or criminal mischief, because each crime contains separate and distinct elements that the other does not. Here, the State was required to prove, under section 784.081, Florida Statutes (2001), that C.R.C. actually and intentionally struck or touched a person whom he knew to be a school board employee against the will of that person. Disorderly conduct, however, proscribed by section 877.03, Florida Statutes (2001), required *237 proof only that the defendant engaged in brawling or fighting.
Furthermore, as in D.L., this is not a situation where a "crime may also be a lesser included offense if its elements are included in the accusatory pleading and sustained by the evidence." Id. (citing Brown v. State, 206 So.2d 377 (Fla.1968)). Even though the proof at trial might have sustained a conviction for disorderly conduct, the elements of that crime were not charged in the information. Conviction of an offense not within the ambit of the charging document constitutes a denial of due process and is fundamental error. See State v. Gray, 435 So.2d 816 (Fla.1983); Mauldin v. State, 696 So.2d 801 (Fla. 2d DCA 1997); Jaramillo v. State, 659 So.2d 1238 (Fla. 2d DCA 1995); Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995). On remand, however, the State can file an amended information and retry C.R.C. for the offense of disorderly conduct.[1]Mauldin, 696 So.2d at 801; State v. Velasquez, 679 So.2d 54 (Fla. 2d DCA 1996); Jaramillo, 659 So.2d at 1239; Von Deck v. Evander, 622 So.2d 1160 (Fla. 5th DCA 1993).
Reversed and remanded for further proceedings.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] In authorizing refiling on this charge, this opinion should not be construed as precluding any appropriate defensive motions in the trial court.