842 So.2d 240 (2003)
Demetrius MULDROW, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D01-2106, 2D01-2166.
District Court of Appeal of Florida, Second District.
April 9, 2003.
*241 James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee; Dale E. Tarpley, Assistant Attorney General and Ha T. Dao, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Demetrius Muldrow appeals his sentence for attempted robbery with a firearm. Muldrow was sentenced to twenty years in prison, as a minimum mandatory, under the "10-20-Life" statute, section 775.087(2)(a)(2), Florida Statutes (1999). Because the verdict form does not reflect a clear jury finding that Muldrow discharged a firearm, we reverse and remand for resentencing.
The information alleged that in the course of committing an attempted robbery Muldrow "carried a firearm and discharged the firearm." The 10-20-Life statute provides for a minimum mandatory sentence of ten years for possession of a firearm during the commission of an attempted robbery[1] and a minimum mandatory sentence of twenty years for the discharge of a firearm during the commission of an attempted robbery.[2] Before the trial court may impose the minimum mandatory sentence, the jury must make a specific finding of the fact that dictates the minimum mandatory sentence, i.e., possession or discharge.
The verdict form submitted to Muldrow's jury provided four options:
A. The defendant is guilty of Attempted Robbery with a Firearm, as charged.
B. The defendant is guilty of the Lesser crime of Attempted Robbery with a Weapon.
C. The defendant is guilty of the Lesser crime of Attempted Robbery.
D. The defendant is not guilty.
The jury chose option A and convicted Muldrow of attempted robbery with a firearm as charged. At sentencing, the trial court stated:
[I]t's noted in the Information that they charged with you (sic) with attempted robbery with a firearm and that in fact you discharged the firearm in furtherance of the attempted robbery. The court is going to find that pursuant to there was sufficient evidence at the trial for this jury to conclude that you in fact did discharge the weapon in furtherance of the attempted robbery.
*242 Based on this finding, the trial court imposed an enhanced sentence of twenty years in prison pursuant to section 775.087(2)(a)(2).
Citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Muldrow argues that the sentence is illegal because the jury did not make a specific finding that Muldrow discharged a firearm. We agree that Apprendi applies, and as the State points out, Florida Supreme Court precedent that predates Apprendi would also require a clear jury finding that Muldrow discharged a firearm in order to justify enhancement under section 775.087(2)(a)(2). See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994); State v. Overfelt, 457 So.2d 1385 (Fla.1984).
The State contends that because the jury was given the information to take to the jury room and found Muldrow guilty "as charged," the verdict rendered incorporates the allegation in the information that Muldrow discharged a firearm. We disagree with this contention. The phrase "with a firearm, as charged" incorporates the factual allegation that Muldrow possessed a firearm, which would justify imposition of a ten-year minimum sentence under the enhancement provision in section 775.087(2)(a)(1). See Tucker, 726 So.2d at 772 (stating that enhanced sentence should be upheld if based on a jury verdict which specifically refers to the use of a firearm, either as a separate finding or by the inclusion of a reference to a firearm). However, the verdict form makes no reference to the discharge of a firearm.[3] It cannot be said that a factual finding that a firearm was possessed constitutes a factual finding that the firearm was discharged. Therefore, the verdict form does not incorporate the factual allegation that Muldrow discharged the firearm as required for imposition of the twenty-year minimum mandatory sentence. See Tripp, 642 So.2d at 730 (explaining that jury's verdict that the defendant is guilty of "charges made against him in the Information" is insufficient to establish that a weapon was used, even if the information alleged that the defendant used a weapon during commission of the crime); see also Orjales v. State, 758 So.2d 1157 (Fla. 2d DCA 2000) (following Tripp). If this jury found that Muldrow committed the attempted robbery while possessing a firearm but did not discharge it, the verdict that would reflect these findings is the same verdict that was rendered.[4] Thus, we cannot say that the verdict form reflects a clear jury finding that Muldrow discharged the firearm.
Accordingly, we reverse the sentence imposed and remand for resentencing in case no. 2D01-2106. On remand, the judgment should be corrected to classify the attempted robbery with a firearm conviction as a second-degree felony. We reject *243 without discussion the issue raised in consolidated case no. 2D01-2166.
Case 2D01-2166 affirmed; in case 2D01-2106, the conviction is affirmed, but the sentence is reversed and remanded with directions.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] § 775.087(2)(a)(1), Fla. Stat. (1999).
[2] § 775.087(2)(a)(2), Fla. Stat. (1999).
[3] We also note that the instructions read to the jury contained no reference to the discharge of a firearm.
[4] Although it is not dispositive, we note that the issue of whether Muldrow discharged a firearm was a disputed issue at trial, and the evidence was such that the jury could have logically found that Muldrow committed the attempted robbery with a firearm but did not discharge it. In fact, Muldrow contends that the evidence was insufficient to support a jury finding that he discharged a firearm. We reject this contention because we conclude that there was sufficient circumstantial evidence by which the jury could have found that Muldrow discharged a firearm if the question had been properly posed on the verdict form. And, in any event, a jury finding of a discharge is required even where the evidence of discharge is uncontested. See Tucker, 726 So.2d 768.