ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant appellant’s motion for clarification, withdraw our previous opinion and substitute this opinion in its place.
We affirm on all issues except for one, involving appellant’s two convictions of aggravated battery. The trial court erred by reclassifying appellant’s two convictions to first-degree felonies under section 775.087(l)(b), Florida Statutes (2000). As charged and established at trial, the aggravated battery charges included a weapon or a firearm as “an essential element” within the meaning of section 775.087(1). See Lareau v. State, 573 So.2d 813, 815 (Fla.1991) (finding that aggravated battery predicated on use of a deadly weapon is not subject to reclassification pursuant to section 775.087(1) because the use of the weapon is an essential element of the crime); Osorio v. State, 746 So.2d 490, 491 (Fla. 2d DCA 1999) (holding that reclassification was error because the information and jury instructions established that the use of a firearm was an essential element of aggravated assault); McCormack v. State, 728 So.2d 335 (Fla. 2d DCA 1999) (holding that aggravated battery charge should not be reclassified when use of a deadly weapon is an essential element of the offense).
This case is remanded to the circuit court for resentencing on the two aggravated batteries, with those counts classified as second-degree felonies.
GROSS, MAY, JJ., and DAMOORGIAN, DORIAN, Associate Judge, concur.