855 So.2d 675 (2003)
Charles Leroy McCLENITHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2794.
District Court of Appeal of Florida, Second District.
September 26, 2003.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Charles Leroy McClenithan appeals his convictions for aggravated assault and armed trespass. McClenithan asserts that the twenty-year minimum mandatory term imposed by the trial court was improper and that the trial court erred when it denied his motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b). Of the five issues raised on appeal, two have merit. We *676 affirm in part, reverse in part, and remand.
McClenithan was charged with four counts of attempted first-degree murder, one count of shooting into a building, one count of burglary with a firearm, and one count of possession of a firearm while a domestic violence injunction was in effect.
After a jury trial, McClenithan was found not guilty of three counts of attempted first-degree murder and found to be guilty of only one count of the allegedly lesser-included offense of aggravated assault. He was also convicted of shooting into a building, the lesser-included offense of trespass in a structure with a firearm, and possession of a firearm while a domestic violence injunction was in effect.
With regard to the attempted firstdegree murder charges, the information alleged in pertinent part:
[O]n or about January 08, 2001, in the County of Hardee and State of Florida, [McClenithan] did unlawfully attempt to commit murder in the first degree in that from a premeditated design to effect the death of a human being and intending to kill a human being, did attempt to kill [each of four victims] and in furtherance of said attempt, did carry and discharge a firearm at or in the direction of [each of the four victims].
On appeal, McClenithan argues that the trial court erred when it instructed the jury that the offense of aggravated assault was a lesser-included offense of attempted first-degree murder. He asserts that his conviction for aggravated assault cannot stand because he has been convicted of a charge not made in the information. We agree.
This court directly addressed this issue in Velasquez v. State, 654 So.2d 1227, 1228 (Fla. 2d DCA 1995). In the present case, as in Velasquez, the information only charged the elements of the crime of attempted first-degree murder. The offense of aggravated assault includes the required element that the victim had a well-founded fear of imminent violence. § 784.021, Fla. Stat. (2001); Gaston v. State, 682 So.2d 581, 581 (Fla. 2d DCA 1996). This element was not included in the information in the present case because attempted first-degree murder does not require the fear element.[1] A conviction on a charge not made in the information is a denial of due process. Velasquez, 654 So.2d at 1228. McClenithan's conviction for aggravated assault must be reversed. On remand the State may prosecute McClenithan for the offense of aggravated assault or any lesser offense, but he may not be retried for attempted first-degree murder. See Gaston, 682 So.2d at 581.
McClenithan also argues that the twenty-year minimum mandatory sentence imposed for the aggravated assault pursuant to section 775.087(2)(a)(2), Florida Statutes (2001) (the 10/20/Life statute), was erroneous. He asserts that the jury did not make the specific finding that a firearm was discharged during the course of the aggravated assault as required to impose the mandatory sentence. We agree that there must be a clear jury finding that a firearm was discharged during the aggravated assault in order to justify the twenty-year enhancement under the 10/20/Life statute. See Muldrow v. State, 842 So.2d 240, 242 (Fla. 2d DCA 2003). This clear finding was not made in the present case. Although the sentence has been reversed with the conviction for this offense, we address this issue to caution the trial court against such an error in the future.
*677 We affirm without further comment McClenithan's convictions and sentences for trespass in a structure with a firearm, shooting into a building, and possession of a firearm while a domestic violence injunction was in effect. We note that the trial court properly denied McClenithan's motion to correct sentence pursuant to rule 3.800(b).
Affirmed in part, reversed in part, and remanded.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] § 782.04(1)(a), Fla. Stat. (2000); § 777.04(1), Fla. Stat. (2001).