874 So.2d 606 (2004)
Richard Robert KOCH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-55.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
*607 James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Koch appeals his sentence of 20 years in prison, imposed pursuant to section 775.087(2)(a)2., after a jury found him guilty of aggravated battery.[1] Section 775.087(2)(a)2 provides that if a defendant is convicted of having committed any one of a list of violent felonies (including aggravated battery), and regardless of whether the use of a weapon is an element of the felony, if:
[D]uring the course of the commission of the felony such person discharged a `firearm' or `destructive device,'... that the defendant shall be sentenced to a minimum prison term of 20 years. (emphasis supplied)
Koch argues that the trial court improperly enhanced his sentence under this statute because neither the information nor the jury verdict form expressly states he "discharged" a firearm. We agree and remand for resentencing.
The evidence at trial established that Koch was the leader of a group of young men and girls, who set out to get into a fight with another group of young people at night, on an unlit, dirt road, near Oak Hill, in Volusia County. The scene was reminiscent of the OK Corral, with the two groups approaching each other, walking from opposite directions down the road, shouting insults and throwing bottles. Koch returned to a car where a shotgun had been positioned on the roof of the vehicle. He loaded the gun and fired two shots; one into the air, and one into the approaching group. The second shot hit the victim in the leg. The victim was one of the young men in the opposing group and the shot caused a minor injury. While seeking treatment at a hospital, the victim found a shotgun pellet near the exit wound, in his sock.
Koch was charged by an information which simply alleged he had committed aggravated battery (deadly weapon) by "actually and intentionally" touching and striking the victim against his will and in doing so "used a firearm." Later the information was amended to add a reference to section 775.087(2), but no additional language was added.
The jury returned a verdict which simply said Koch was "guilty of aggravated battery as charged in the information."
It is obvious from the facts in this case that the jury must have found Koch committed the battery by discharging the *608 shotgun, since he and his victim were far apart. The only way Koch could have "touched" the victim, was by firing a projectile in his direction. Koch could not have hit or touched the victim with his hand or the shotgun. The common sense approach here would be to say, given the evidence at the trial, the jury implicitly found Koch "discharged" the weapon in committing the aggravated battery, thereby meriting imposition of the 20 year sentence.
However, precedent appears to require that the jury must expressly find the defendant "discharged" the firearm. In McClenithan v. State, 855 So.2d 675 (Fla. 2d DCA 2003), the court reversed a conviction for aggravated assault because it was not a lesser included offense of attempted murder. In so doing, it said that in order for a minimum mandatory 20 year sentence to be imposed under section 775.087(2)(a)2, the jury must make a specific finding that a firearm was discharged during the aggravated assault. It concluded that the jury's determination that the defendant was guilty "as charged" in the information was not sufficient, even though the information had alleged the defendant carried and discharged a firearm. See also Muldrow v. State, 842 So.2d 240 (Fla. 2d DCA 2003). Cf. Tucker v. State, 726 So.2d 768 (Fla.1999) (mandatory minimum sentence upheld where both the information and the verdict form expressly stated the defendant used a firearm).
In Altieri v. State, 835 So.2d 1181 (Fla. 4th DCA 2002), the court quashed a 20-year sentence imposed pursuant to section 775.087(2)(a)2, because the information alleged the defendant only "used" a deadly weaponnot that he discharged it. In that case, there was a special verdict finding by the jury that the defendant had discharged a firearm. However, the court ruled that the finding did not "cure" the lack of notice problem. Cf. Bryant v. State, 744 So.2d 1225 (Fla. 4th DCA 1999); Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA 1993).
The state argues that because the information in this case was amended to include a reference to section 775.087(2)(a)2, that Koch was "on notice" he faced a 20-year sentence. However, we conclude that more than a reference to the number of the statute is required to properly put a person on notice of this lengthy enhancement statute's applicability, particularly where the state must also rely on the jurors' "express finding" of discharge on the same numerical reference.
Because the information did not allege that Koch discharged the firearm, nor did the jury make an express finding that Koch fired the weapon, we must reverse the 20-year sentence and remand for resentencing. On remand, we agree with both the state and Koch that because the aggravated battery offense was based on use of a deadly weapon or firearm, this crime cannot be additionally enhanced using section 775.087(2)(a); because the weapon is an essential element of the crime. See Young v. State, 841 So.2d 697 (Fla. 4th DCA 2003); Cargle v. State, 829 So.2d 366 (Fla. 1st DCA 2002).
Sentence VACATED; REMANDED for Resentencing.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] § 784.045(1)(a)2., Fla. Stat.