DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**FRANKLIN SANCHEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3327

[July 30, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502007CF011246A.

Franklin Sanchez, Century, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Franklin Sanchez appeals the summary denial of his rule 3.850 motion for postconviction relief. We affirm in part and reverse and remand in part.

Sanchez was convicted of home invasion robbery with a firearm and was acquitted on a kidnapping charge. He was sentenced to thirty-five years in prison. In this rule 3.850 motion, he raised multiple claims of ineffective assistance of counsel, including a claim of failure of counsel to object to erroneous scoresheet calculations. We address the arguments made under the latter claim only.

We first reject the claim of ineffective assistance for failure to object to the scoresheet's designation of the home invasion robbery with a firearm as a life felony. This was erroneous, as is the judgment of conviction identifying the offense as a life felony, because the offense was a first degree felony punishable by life. § 812.135(2)(a), Fla. Stat. (2007). It could not properly have been reclassified to a life felony because the use of a firearm was an essential element of the offense. § 775.087(1), Fla. Stat.

(2007). *See State v. Tripp*, 642 So. 2d 728 (Fla. 1994); *Ruth v. State*, 949 So. 2d 288 (Fla. 1st DCA 2007); *Young v. State*, 841 So. 2d 697 (Fla. 4th DCA 2003). However, appellant has not directly challenged the judgment of conviction under his claims of ineffective assistance of counsel. Further, insofar as he has claimed ineffective assistance for failure to object to the scoresheet designation of his conviction as a life felony, the record demonstrates that this designation had no effect on the amount of points actually assessed. Home invasion robbery with a firearm is a level ten offense for which 116 points were properly charged. § 921.0022(3)(j), Fla. Stat. (2007). Failure to demonstrate prejudice defeats the claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

Sanchez has included a claim that his defense counsel should have requested a jury verdict form which asked the jury if he "actually possessed" a firearm during the commission of the offense. We view this as a claim of ineffective assistance of counsel for failure to object to the lack of a jury finding to support the imposition of the ten-year mandatory minimum sentence for actual possession of a firearm pursuant to section 775.087(2)(a)1., Florida Statutes (2007). We disagree with the state's argument that the rule 3.850 motion did not actually make this challenge, and reverse and remand for further proceedings on it. *See Alusma v. State*, 939 So. 2d 1081 (Fla. 4th DCA 2006).

We also reverse the trial court's summary denial of appellant's claim of ineffective assistance of counsel for failure to object to scoresheet error in the assessment of 23 points under the prior record category, based on a Broward Circuit Court kidnapping conviction. Sanchez alleged that he was not convicted of that offense due to a negotiated settlement. The state has failed to show that the same sentencing would have been imposed notwithstanding the inclusion of these points. *See State v. Anderson*, 905 So. 2d 111 (Fla. 2005).

Accordingly, we reverse and remand for either attachment of portions of the record conclusively refuting the two claims addressed above, or an evidentiary hearing. The trial court's summary denial of all other claims is affirmed.

*Affirmed in part, reversed in part and remanded.*

WARNER, STEVENSON and LEVINE, JJ., concur.

\* \* \*

2

*Not final until disposition of timely filed motion for rehearing.*