KHOUZAM, Judge,
Specially concurring.
I agree that Mr. Pethtel’s adjudication of guilt for aggravated manslaughter of a child must be reversed. Mr. Pethtel was charged with first-degree felony murder predicated on aggravated child abuse. The indictment in this case did not charge him with aggravated manslaughter of a child. Because Mr. Pethtel was not charged with aggravated manslaughter of a child, regardless of any additional findings made by the jury, he could not be convicted of that crime. See State v. Gray, 435 So.2d 816, 818 (Fla.1983); Mauldin v. State, 696 So.2d 801, 801 (Fla. 2d DCA 1997).
I join in the majority’s conclusion that Florida Standard Jury Instruction for Criminal Cases 7.7 is misleading because it incorrectly characterizes section 782.07(3), Florida Statutes, as an “enhanced penalty” of involuntary manslaughter. Relying on this instruction, the litigants as well as the trial court incorrectly assumed that involuntary manslaughter could be enhanced to aggravated manslaughter of a child if the jury made certain findings. But as explained above, there were no additional findings that the jury could have made that would have given the trial court the authority to make such an enhancement. It would behoove the Supreme Court Committee on Standard Jury Instructions in Criminal Cases to address this misleading instruction.